# EXHIBIT A

The information available on Case.net is provided as a service and is not considered an official court record.


Case.net:2622-CC02537 - PEAGUES V. US BANK (E-CASE) - Docket Entries

**Sort by date:** Descending Ascending **Display options:** All Entries

**07/24/2026**

Notice of Service

**26-SMCC-4745**

**Electronic Filing Certificate of Service**

26-SMCC-4745; Electronic Filing Certificate of Service.

**Corporation Served**

Document ID - 26-SMCC-4745; Served To - US BANK; Served Date - 07/23/2026; Served Time - 09:42:38; Service Type - SD; Reason Description - SERV; Service Text -

**06/27/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-4745, for US BANK

**06/23/2026**

**Filing Info Sheet eFiling**

**Filed By:** LARRY FIELDS

**Note to Clerk eFiling**

**Filed By:** LARRY FIELDS

Pet Filed in Circuit Ct

**Petition**

**Exhibit 1-Right to Sue Letter**

Petition; Exhibit 1-Right to Sue Letter.

**Filed By:** LARRY FIELDS

**On Behalf Of:** CANDI PEAGUES

Electronically Filed - City of St. Louis - June 23, 2026 - 02:43 PM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI**

| | | |
|---|---|---|
| **CANDI PEGUES,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | Court |
| | ) | |
| **U.S. BANK NATIONAL ASSOCIATION,** | ) | |
| | ) | Jury Trial Demanded |
| Serve: | ) | |
| 505 North 7th Street | ) | |
| St. Louis, MO. 63101 | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION FOR DAMAGES**

(Jury Trial Demanded)

**PARTIES**

1. Plaintiff is an African American Female over the age of forty (40) adult resident of the State of Missouri.

2. Defendant U.S. Bank National Association is a corporation authorized to transact business in Missouri and employed Plaintiff during all times relevant herein.

**JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION**

3. This action arises under the Missouri Human Rights Act, Chapter 213 RSMo.

4. Venue is proper in St. Louis City pursuant to §§ 508.010 and 213.111 RSMo.

5. Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights alleging race discrimination, hostile work environment, and retaliation.

6. Plaintiff exhausted all administrative remedies required by law.

7. The Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue pursuant to § 213.111 RSMo.

8. This action is filed within the time permitted by law.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

Electronically Filed - City of St. Louis - June 23, 2026 - 02:43 PM

9. Plaintiff is an African-American female and member of protected class as defined by the Missouri Human Rights act.

10. Throughout her employment Plaintiff consistently received stellar performance evaluations.

11. Plaintiff possessed the education, training, experience, and qualifications necessary to perform her duties successfully.

12. Plaintiff maintained an exemplary employment record.

13. Plaintiff was supervised by Nina Faye and Derek Livermore.

14. Nina Faye subjected Plaintiff to disparate treatment and hostility.

15. Ms. Faye repeatedly informed Plaintiff she needed to "jump anytime a manager told her to do anything."

16. Ms. Faye frequently yelled at Plaintiff.

17. Ms. Faye slammed doors in Plaintiff's face.

18. Ms. Faye routinely treated Plaintiff with disrespect.

19. Ms. Faye contacted Plaintiff while Plaintiff was on vacation.

20. Ms. Faye provided preferential treatment to her son, also employed by Defendant.

21. Plaintiff observed favoritism benefiting non-Black employees.

22. Plaintiff later became supervised by Derek Livermore.

23. Plaintiff had previously trained Mr. Livermore.

24. Mr. Livermore refused to provide Plaintiff training and support afforded to others.

25. Mr. Livermore withheld information and resources necessary for Plaintiff to perform at her highest level.

26. Mr. Livermore acknowledged Plaintiff would likely complain to Human Resources.

27. Mr. Livermore stated he did not care if Plaintiff complained.

28. Mr. Livermore subjected Plaintiff to heightened scrutiny and criticism.

29. Mr. Livermore stated he wanted to get rid of all Black women working for U.S. Bank.

30. Plaintiff reasonably believes the statement was made.

31. The statement reflected racial animus.

32. Mr. Livermore's conduct was consistent with the discriminatory statement.

33. Mr. Livermore denied Plaintiff training opportunities.

34. Mr. Livermore undermined Plaintiff's work performance by creating unattainable

Electronically Filed - City of St. Louis - June 23, 2026 - 02:43 PM

goals without the proper training.

35. Mr. Livermore interfered with Plaintiff's ability to succeed.

36. Mr. Livermore authored a false and defamatory performance review.

37. The review was inconsistent with Plaintiff's strong performance history.

38. Plaintiff challenged the review.

39. Human Resources sealed the review.

40. Human Resources failed to fairly reevaluate Plaintiff.

41. Defendant failed to adequately investigate complaints.

42. Defendant failed to take corrective action.

43. Defendant failed to stop discriminatory conduct.

44. Plaintiff complained regarding discrimination and harassment.

45. Following complaints, hostility intensified.

46. Plaintiff was subjected to a hostile work environment.

47. Plaintiff suffered emotional distress.

48. Plaintiff suffered anxiety, humiliation, embarrassment, and mental anguish.

49. Working conditions became intolerable.

50. Defendant altered the terms and conditions of employment.

51. Plaintiff was forced to exercise stress leave.

52. Stress leave was caused by Defendant's conduct and Defendants conduct was motivated by Plaintiff's race, sex and age.

53. Defendant deprived Plaintiff of equal employment opportunities because of race and motivated by Plaintiff's sex, race and age.

**COUNT I – RACE DISCRIMINATION**

54. Plaintiff incorporates all prior paragraphs.

55. Race was a motivating factor in Defendant's treatment of Plaintiff.

56. Including denial of training extended to Plaintiff.

57. Disparate treatment was imposed on Plaintiff.

58. Plaintiff was given false evaluations.

59. Plaintiff was subject to unequal opportunities.

60. Plaintiff suffered damages as a direct result of Defendants behavior.

WHEREFORE, Plaintiff demands judgment for back pay, front pay, lost benefits,

Electronically Filed - City of St. Louis - June 23, 2026 - 02:43 PM

compensatory damages, emotional distress damages, reputational damages, punitive damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, and such other relief as the Court deems just and proper.

**COUNT II – HOSTILE WORK ENVIRONMENT**

61. Plaintiff incorporates all prior paragraphs.

62. Defendant subjected Plaintiff to severe and pervasive race-based harassment creating an intimidating, hostile, and offensive work environment.

63. Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment for back pay, front pay, lost benefits, compensatory damages, emotional distress damages, reputational damages, punitive damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, and such other relief as the Court deems just and proper.

**COUNT III – RETALIATION**

64. Plaintiff incorporates all prior paragraphs.

65. Plaintiff opposed discrimination and engaged in protected activity when Plaintiff complained to management about the discrimination described here in part.

66. Defendant retaliated against Plaintiff as described above despite Plaintiff having the legal right and in some instances the duty to report Defendants actions to upper management which included treating her different due to her sex, age and race.

67. Plaintiff suffered damages as described above and Defendants acts were in direct response to Plaintiffs exercise of her legal rights in reporting illegal acts discrimination against the Plaintiff by management.

WHEREFORE, Plaintiff demands judgment for back pay, front pay, lost benefits, compensatory damages, emotional distress damages, reputational damages, punitive damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, and such other relief as the Court deems just and proper.

**COUNT IV CONSTRUCTIVE DISCHARGE**

68. Plaintiff incorporates all prior paragraphs.

69. Defendant created intolerable working conditions forcing Plaintiff onto stress leave.

Electronically Filed - City of St. Louis - June 23, 2026 - 02:43 PM

70. Defendants actions effectively constructively discharged Plaintiff.

71. Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment for back pay, front pay, lost benefits, compensatory damages, emotional distress damages, reputational damages, punitive damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, and such other relief as the Court deems just and proper.

**COUNT V DEFAMATION**

72. Plaintiff incorporates all prior paragraphs.

73. Defendant managers Faye and Livermore published false statements regarding Plaintiff's performance.

74. damaging her reputation and causing damages.

WHEREFORE, Plaintiff demands judgment for back pay, front pay, lost benefits, compensatory damages, emotional distress damages, reputational damages, punitive damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, and such other relief as the Court deems just and proper.

**COUNT VI SEXUAL DISCRIMINATION**

75. Plaintiff incorporates all prior paragraphs.

76. Plaintiff is in the protected class the Missouri Human Rights Act protects against sexual harassment.

77. Plaintiff was targeted and constructively terminated by managers as a result of her sex, female.

78. Plaintiffs sex, female, was the motivating cause of managements discriminatory action.

79. But for Plaintiffs sex, female, Plaintiff would not have been discriminated against.

80. Plaintiffs sex was the motivating factor for Defendants discrimination.

WHEREFORE, Plaintiff demands judgment for back pay, front pay, lost benefits, compensatory damages, emotional distress damages, reputational damages, punitive damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, and such other relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - June 23, 2026 - 02:43 PM

Respectfully submitted,

/s/ Larry S. Fields
Larry S. Fields 58044
Fields and Associates LLC
707 North Second Street
Suite 400
St. Louis, MO. 63102
314-241-3535
LSF19@msn.com,
*Attorneys for Plaintiff*

Electronically Filed - City of St. Louis - June 23, 2026 - 02:43 PM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

MIKE KEHOE
GOVERNOR

ANNA S. HUI
DEPARTMENT DIRECTOR

BRITTANY SOUTHWORTH
ACTING CHAIR

SHANNON THOMPSON
ACTING EXECUTIVE DIRECTOR

April 30, 2026

Candi Pegues
4568 Alber Hill Drive
St. Louis, MO 63129
Via email: lsf19@msn.com

**NOTICE OF RIGHT TO SUE**

RE: Pegues v. US Bank, E-10/24-57950; 28E-2026-00503

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

*Shannon Thompson*

Shannon Thompson
Acting Executive Director

CC: Additional Contacts Listed on Next Page

Electronically Filed - City of St. Louis - June 23, 2026 - 02:43 PM

RE: Pegues v. US Bank, E-10/24-57950; 28E-2026-00503

US Bank
505 N. 7th Street
St. Louis, MO 63101
Via email

Elizabeth Bonucci
U.S. Bancorp Center, 4th Floor
800 Nicollet Mall
Minneapolis, MN 55402
Via email: elizabeth.bonucci@usbank.com

Larry S. Fields
Attorney, Fields and Associates LLC
707 North Second Street
Suite 400
Saint Louis, MO 63102
Via email: lsf19@msn.com, Lsf@fieldsassociates.com

# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | **Case Number: 2622-CC02537** | |
| Plaintiff/Petitioner:<br>CANDI PEAGUES<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LARRY FIELDS<br>707 NORTH 2ND ST<br>SUITE 400<br>ST LOUIS, MO 63102 | |
| Defendant/Respondent:<br>US BANK | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to: US BANK**
**Alias:**
**505 N. 7TH STREET**
**ST.LOUIS,, MO 63101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***CITY OF ST LOUIS***

6/27/2026
Date

Clerk

**Further Information:**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________.

Served at ______________________________ (address)
in ______________________________ (County/City of St. Louis), MO, on ______________________________ (date)
at ______________ (time).

______________________________ Printed Name of Officer or Server

______________________________ Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________________ (date).

*(Seal)*

My commission expires: ______________ Date ______________________________ Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - July 24, 2026 - 02:53 PM

**Case Number: 2622-CC02537**

**Officer's or Server's Return**

**Note to serving officer:** Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:
Michael Garland W M Yo's (name) Vice President (title).

☐ other: ______________________.

Served at 505 N. 7th St. (address)
in ______________ (County/City of St. Louis), MO, on 7-23-26 (date)
at 9:37A (time).

Khadijah Ringo
Printed Name of Officer or Server

K. Ringo
Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________ (date).

*(Seal)*

My commission expires: ______________ ______________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - July 24, 2026 - 02:53 PM

# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

26 JUL 20 AM 7:46

| | | |
|---|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | **Case Number: 2622-CC02537** | |
| Plaintiff/Petitioner:<br>CANDI PEAGUES<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LARRY FIELDS<br>707 NORTH 2ND ST<br>SUITE 400<br>ST LOUIS, MO 63102 | |
| Defendant/Respondent:<br>US BANK | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to: US BANK**
**Alias:**
**505 N. 7TH STREET**
**ST.LOUIS,, MO 63101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***CITY OF ST LOUIS***

6/27/2026
Date

Clerk

**Further Information:**



26-SMCC-4745

Electronically Filed - CITY OF ST. LOUIS - July 24, 2026 - 02:53 PM

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:

SERVICE PARTY: LARRY FIELDS, Attorney for Plaintiff
SERVICE EMAIL: lsf19@msn.com